GEORGE M. O'BRIEN, JR., ET AL., PLAINTIFFS IN ERROR, v. WILLIAM GASLIN, JR., DEFENDANT IN ERROR.

MOTION for judgment in case reported 20 Neb., 347.

G. M. O'Brien, E. M. Bartlett, and George S. Smith, for the motion.

George B. Lake, Howard B. Smith, and A. C. Wakeley, contra.

BY THE COURT.

This cause was brought to this court on error to the district court of Douglas county; was argued, submitted, a

judgment entered, and an opinion written, at the July term, 1886, which opinion is published in the 20th volume of our reports, pp. 347–55. By the opinion and judgment there was error found in the judgment of the district court, but it was held that· the defendant in error was " shown to have a clear title to an undivided half of the premises in question," and he was given the option " within twenty days " from the date of the filing of said opinion, " to elect to have judgment entered in this court, for that quantity;" and it was further stated in said opinion that, " in case of his failure to elect, within the time named, the judgment of the district court will be reversed and the cause remanded for further proceedings."

The defendant in error did not avail himself of the privilege and option of having the judgment of the court below, affirmed as to the undivided half of the subject of the litigation, but presented a motion for a re-argument, by means of which to convince the court that the said judgment ought to be affirmed as to the whole of said subject of litigation. The said motion, together with the brief and argument in support thereof, was duly examined, considered, and overruled on the 23d day of February, 1887. On the 14th day of November, 1887, the plaintiffs in error filed their motion for a final decree in this court, which motion was argued by the respective parties and submitted on the 27th day of November, 1887.

The judgment and opinion of this court, then, establishing the title of the defendant in error to the undivided one-half of the real property which is the subject of the litigation, as well as that there was error in the proceedings and judgment of the district court, so far as they tended to establish his title, or any title, to the undivided half of said real property, has passed beyond recall and become the law of the case.

The defendant in error, plaintiff in the court below, brought this action therein against the defendants therein,

described in the caption and title of his petition as "George M. O'Brien, Jr., James F. Morton, and Comp." Who was intended to be sued by the description or designation "Comp.", does not appear. It also appears that, after the first and before the second trial, James McBride appeared in open court and represented to the court that he has an interest in the property in litigation, and on his motion was made a party defendant in the case, etc. Said James McBride thereupon filed an answer in the case.

It may be stated as a rule of law, that no one but parties and privies to the suit are bound by legal proceedings and judgments. The converse of this rule is of equal force; that all parties to a suit who have had their day in court, as well as their privies, are bound by the legal proceedings in the case and the judgment; and this rule applies as well to parties who are made defendants by leave and order of the court as to the original parties.

The judgment and opinion of this court has therefore become *res adjudicata*, the settled law of the case as to all the parties.

The motion now before the court seems to be predicated upon the theory that this court in its opinion passed only upon the title of the defendant in error to the undivided one-half of the property involved. If so, such theory is incorrect, as will be seen by an examination of the opinion. This court having in its opinion held that the evidence before the trial court was sufficient to establish the plaintiff's title to one undivided half of the land in controversy, what is here said will be understood as intended to apply to the other undivided half only, unless where the whole may be mentioned in terms; and for greater certainty, we will observe that the half to which the plaintiff established his title on the trial in the court below, is the one which, according to the abstract, was conveyed by James E. North to Augustus Graeter, Jr., on the 9th day of January, 1858; and that the half to which the plaintiff established

36

no title on the said trial is the one which, according to the said abstract, was conveyed by Augustus Graeter, Jr., to Augustus Graeter, Sr., on the 20th day of October, 1857.

In the former opinion it is said that the defendants below had no title by adverse possession—that is, the character of their possession had not been such for the full period of ten years as to give them title by possession alone. This applies more particularly to that portion of the land to which the defendant in error is shown to have the legal title. As to the other portion it was not intended to decide, nor did we decide what title the plaintiffs in error possessed, as the evidence failed to show any right of the defendant in error to the same. A plaintiff must recover, if at all, on the strength of his own title, and if he fails to do so, the character of the title of the adverse party is of no consequence to him. The defendant in error will have leave to pay the costs in this court, so that the cause may be remanded, and upon condition that this is done within thirty days, the motion for judgment will be overruled.

ORDER ACCORDINGLY.