CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY
v. WILLIAM SCHALKOPF.

FILED APRIL 8, 1898. No. 7955.

1. **Adverse Possession.** To establish title to real estate by adverse possession there must have been maintained, by the party asserting title, an actual, continuous, notorious, adverse, and exclusive possession of the premises, under claim of ownership, during the statutory period of ten years.

2. **Instructions: EVIDENCE.** It is error to give an instruction to the jury which assumes the existence of material facts which are unsupported by the evidence.

ERROR from the district court of Lancaster county. Tried below before HOLMES, J. *Reversed.*

*J. W. Deweese* and *F. E. Bishop,* for plaintiff in error.

*L. W. Billingsley* and *R. J. Greene, contra.*

NORVAL, J.

This was ejectment by the Chicago, Burlington & Quincy Railroad Company to recover a part of lot 10, in block 5, of Mechanics' Addition to the city of Lincoln. The answer consisted of a general denial, and a plea of ten years of adverse possession of the property in the defendant and his grantors. In compliance with the provisions of the statute there were two trials of the cause in the court below, both of which resulted adversely to the plaintiff, and it has brought the record here for review.

It is alleged as a ground for reversal that the verdict is unsupported by the evidence. The defendant occupies the portion of the lot in controversy, and asserts title thereto through certain conveyances starting from the original patentee, and by reason of adverse possession for the statutory period, while plaintiff predicates the right of possession to the property by virtue of a war-

ranty deed from the patentee and certain condemnation proceedings. There is no material controversy over the facts. By letters patent issued by the United States on August 1, 1860, there was conveyed to Emerson H. Eaton the east half of the southeast quarter of section 27, in township 10 north, of range 6 east, in Lancaster county. A portion of said real estate has been platted as Mechanics' Addition to Lincoln by the then owner of the property, but prior to such platting plaintiff constructed its road over and across said lands. Lot 10, in said block 5, lies west of plaintiff's road-bed, and the east end of the lot is within the distance of fifty feet from the middle of the main track and the center of the right of way. On April 8, 1870, the railroad company filed an application with the probate judge of Lancaster county for the condemnation of right of way through said county. Commissioners were appointed, who returned to said judge their appraisement in writing, setting forth therein the width of the right of way to be 100 feet on either side of the center of the right of way, according to plats on file in the offices of the secretary of state and county clerk of said county, and assessing to E. H. Eaton $150 damages for the location of the right of way across the said east half of southeast quarter of section 27. Plaintiff paid said sum to the probate judge for the use of Eaton on May 9, 1870, but the money was afterwards withdrawn by the company. Subsequently, in July of the same year the condemnation proceedings were supplemented by the same commissioners, reassessing Eaton's damages in the premises in the sum of $150, upon prior personal service of notice on him of such proposed action. Eaton appealed to the district court from this last appraisement, and on June 6, 1871, the cause was dismissed out of said court pursuant to the stipulation of the parties. On the same day Eaton and wife, by deed of general warranty, conveyed to the railroad company a right of way 100 feet wide, being fifty feet on each side of the center line of said railroad as located and built across the aforesaid

eighty-acre tract, which deed was duly filed for record on December 11, 1871.

The rule is a familiar one in this state that to acquire title to real estate by virtue of the statute of limitations there must have been an actual, visible, exclusive, peaceable, and uninterrupted adverse possession of the premises under claim of ownership for the period of ten years. The evidence in this case is wholly insufficient to establish that the defendant and those through whom he claims title to the property had been in the actual occupancy or possession of that portion of the lot in dispute for the statutory period above stated. Defendant purchased the lot in 1887, and at the time it was vacant and unimproved. This suit was instituted in 1893. It is, therefore, very evident that the defense of adverse possession was not made out at the trial.

Both plaintiff and defendant claim title to the property from a common source. It is needless to state the various conveyances constituting defendant's chain of title, since plaintiff must recover alone on the strength of his own title or right to the premises, and cannot rely on the weakness or invalidity of that of his adversary. (*O'Brien v. Gaslin*, 24 Neb. 559; *Buck v. Gage*, 27 Neb. 306; *Gregory v. Kenyon*, 34 Neb. 640; *Bigler v. Baker*, 40 Neb. 325; *Omaha Real Estate & Trust Co. v. Krayscow*, 47 Neb. 592.) Plaintiff acquired, by the warranty deed from Eaton and wife to it, a perfect and complete title to a strip of land 100 feet in width, or fifty feet wide on each side of the center line of the right of way. And the evidence adduced on the trial in the lower court established beyond any dispute that a portion of the land sought to be recovered, to-wit, a strip five feet in width, is embraced within the description contained in the said deed to the company and is in possession of the defendant. These facts are established by the testimony of E. E. Harte, plaintiff's civil engineer, the maps and deed, and there is no testimony to be found in the record in opposition thereto. The verdict being unsupported by the evidence

as to a portion of the premises, it is unnecessary to express an opinion upon the sufficiency of the condemnation proceedings to entitle plaintiff to recover possession thereunder of the remainder of the property in dispute.

Complaint is made of the giving of the following paragraph of the charge of the court, to which exception at the time was taken by counsel for plaintiff:

"7. The defendant alleges in his answer that the cause of action set forth in the plaintiff's petition did not accrue to the plaintiff, nor to its grantors, within ten years next before the beginning of this action, and that for ten years immediately before the commencement of this action the defendant and his grantors were in open, notorious, adverse, and continuous possession of the lot described in the petition, and contends that plaintiff ought not to maintain this action against defendant, because the same is barred by the statute of limitations. You are instructed that where, in an action of ejectment such as this action is, the defendant in possession of the real estate, the subject of the action, relies upon the statute of limitations as a defense, the burden of proof is on him to show by a fair preponderance of the evidence that his possession and that of his grantors has been actual, open, continuous, adverse, and exclusive during the ten years last preceding the commencement of the action and with the purpose and intent of the occupants of the premises in controversy to assert their ownership of the property; hence, if the jury find from the evidence that the defendant and his grantors have been in actual, open, continuous, adverse, hostile, and exclusive possession of the premises in controversy, with the purpose and intent of asserting at all times their ownership of the property in question, for the full term of ten years or more prior to the 30th day of September, 1893, then your verdict should be for the defendant."

There is in the record before us no evidence to which this instruction could apply. It submitted to the jury for their determination the existence of the fact of ad-

verse possession without any evidence to support it. The instruction was prejudicial in the highest degree, and should not have been given. (*Morearty v. State*, 46 Neb. 652; *Williams v. State*, 46 Neb. 704; *City of York v. Spellman*, 19 Neb. 357.) The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

RYAN, C., not sitting.