### REED v. PEACOCK.

1. JURY—MEMBERS OF FRATERNITY—CHALLENGE.
    That a juror is a member of the same fraternal organization, but not of the same lodge, as plaintiff, who sues as assignee of his lodge, is not ground for challenge.

2. SAME—NON-TAXPAYERS—TALESMEN.
    It was error to excuse a talesman because he was not a taxpayer, where there was no showing that he did not possess the necessary qualifications of an elector.

Error to Ionia; Davis, J.  Submitted February 1, 1900. Decided March 6, 1900.

*Assumpsit* by Thomas H. Reed against Benjamin C. Peacock and Jesse Peacock for rent. From a judgment reversing, on *certiorari*, the judgment of a justice of the peace, defendants bring error.  Affirmed.

*R. A. Hawley*, for appellants.

*F. C. Miller*, for appellee.

LONG, J.  This action was commenced in justice's court to recover an alleged balance due on a certain lease entered into between the West Sebewa Lodge of Odd Fellows and defendants, which lease had been duly assigned by the

said lodge to the plaintiff. The defendants pleaded the general issue, and gave notice of recoupment. The plaintiff was a member of the West Sebewa Lodge of Odd Fellows. The defendants demanded a jury. Six jurors were selected for such jury in the usual way; that is, the officer wrote down the names of 18 persons to serve as jurors, and each party struck off 6. The six jurors remaining constituted the jury so struck. Two of the persons so selected were not found by the officer, and he summoned talesmen to fill their places. The jury thus present were sworn on their *voir dire,* and on examination it was ascertained that one of the original jurors, Lyman Shumway, and one of the talesmen, Carl Servos, were Odd Fellows; not, however, belonging to the West Sebewa Lodge, but belonging to the lodge in the city of Ionia. They were challenged by counsel for defendants for that cause, and the challenge held good by the justice. The plaintiff then exercised two peremptory challenges upon talesmen summoned by the officer, and the defendants also exercised two peremptory challenges upon talesmen summoned by the officer; after which other talesmen were summoned by the officer, and the plaintiff peremptorily challenged one more of them, but this challenge was denied on the ground that the plaintiff had exhausted his peremptory challenges. The cause was then tried by the jury, three of whom were of those originally struck and three talesmen. The jury returned a verdict in favor of defendants. The plaintiff removed the cause to the circuit court by *certiorari.* The justice, in his return to the writ of *certiorari,* says that he excused Lyman Shumway from serving on the jury for the reason that he announced that he was an Odd Fellow; that he excused Carl Servos because he was also an Odd Fellow, and was not a taxpayer. The circuit court reversed the judgment of the justice, and the defendants bring the case to this court by writ of error.

It is well settled that one of the regular panel of jurors in justice's court cannot be excused on a peremptory challenge. *Eldridge* v. *Hubbell,* 119 Mich. 61 (77 N. W.

631). The justice, however, returned that he excused both Shumway and Servos because they were Odd Fellows. It appeared that they did not belong to the same lodge of Odd Fellows that assigned the account to plaintiff. The fact of their being Odd Fellows did not disqualify them from sitting as jurors in the case. It was held in *Purple* v. *Horton*, 13 Wend. 9 (27 Am. Dec. 167), that it was no cause of challenge to a juror that he was a Free Mason, when one of the parties to a suit was a Free Mason and the other not. It was said by the court, in speaking of the rule which the defendant claimed would exclude such a person:

"This rule would exclude every stockholder in the same bank, every member of the same church, and every associate of the same benevolent society."

In *Delaware Lodge No. 1, I. O. O. F.,* v. *Allmon,* (Del. Super.) 39 Atl. 1098, it was held that, in an action against a subordinate lodge of a beneficial society, members thereof are disqualified as jurors, but that disqualification does not extend to members of other lodges. In *Barton* v. *Erickson*, 14 Neb. 164 (15 N. W. 206), it was held that a person who belongs to a religious denomination—as the Lutheran—is not thereby precluded from sitting as a juror in a case where a church organization of the same denomination, of which he is not a member, is a party.

The justice also returned that he excused Servos because he was not a taxpayer. Servos was called as a talesman, and it was error for the justice to excuse him for the reason that he was not a taxpayer. He was summoned as a talesman, and there was nothing to show that he did not possess the necessary qualifications of an elector. *People* v. *Wright*, 89 Mich. 70 (50 N. W. 792).

By the course taken by the justice, the defendants were, in effect, given four challenges, against the objection of the plaintiff. The court below very properly reversed the judgment of the justice.

The judgment of the circuit court must be affirmed.

The other Justices concurred.