## THE PEOPLE *v.* AH YE.

INDICTMENT.—An indictment for wilfully and maliciously entering a house with intent to steal, need not aver the value of the property the defendant intended to steal, nor give more than a general description of the same.

VERDICT IN CRIMINAL CASE.—The defendant was indicted by the name of John Doe, a Chinaman, and when arraigned he gave his name as Ah Ye, and plead not guilty. The verdict of the jury was as follows: "The jury, in the case of The People of the State of California *v.* Ty Chin, a Chinaman, do find the said Ty Chin, a Chinaman, guilty." The verdict was received and recorded without objection: *Held*, to be a finding that Ah Ye was not guilty, and that judgment should have been rendered in his favor.

APPEAL from the County Court, Sierra County.

The facts are stated in the opinion of the Court.

*James A. Johnson*, and *J. F. Cowdry*, for Appellant, argued that the indictment was bad, because it did not give any value to the property or describe it; and cited Wood's Dig., Secs. 239 and 246; and *The People* v. *Murray*, 8 Cal. 519; and that the name "fowl" was too general a description, as it applied to several varieties of feathered animals. They also argued that, as the jury found Ty Chin guilty, the inference was that they found Ah Ye, the defendant on trial, not guilty; and that this case differed from *The People* v. *Boggs*, 20 Cal. 435, as the word " defendant " was not found in the verdict, and the name therefore could not be rejected as surplusage.

*J. G. McCullough, Attorney-General*, for the People, argued that as the indictment followed the words of the statute, it was sufficient; and cited *People* v. *Garcia*, 25 Cal. 533; and

that it was the accused, by whatever name he was called, who was found guilty; and·cited *People* v. *Boggs*, 20 Cal. 435. He also argued that if the defendant Ah Ye was a second time indicted, as he had been adjudged guilty by the Court and sentenced, he could establish a former conviction; and cited *People* v. *Ah Cow*, 17 Cal. 101; *Ex parte Ring*, 28 Cal. 252; *Brooks* v. *The State*, 3 Humph., Tenn., 25; and *Stolts* v. *The State*, 4 Scam. 168.

By the Court, CURREY, C. J.:

The defendant was indicted by the name of John Doe, a Chinaman, under the statute passed in February, 1864, which reads as follows: "If any person shall, in the daytime, break and enter any dwelling house, shop, warehouse, store, mill, barn, stable, outhouse or other building, or wilfully and maliciously, by day, without breaking, enter the same with intent to steal, or to commit any felony whatever therein, every such person, upon conviction thereof, shall be punished by imprisonment in the State Prison for a term not less than one nor more than five years." (Laws 1863–4, p. 104.)

The indictment charged that in the daytime of the 19th of April, 1866, at the County of Sierra, the defendant "did wilfully and maliciously enter the outhouse, attached to the dwelling house of Charles E. Wilcox, with intent to steal therefrom several fowls, the property of the said Charles E. Wilcox." Upon being arraigned the defendant stated that his true name was Ah Ye, and then pleaded not guilty. He was tried on the 6th of August, 1866, when the jury rendered a verdict in the following form: "The jury, in the case of *The People of the State. of California* v. *Ty Chin*, a Chinaman, do find the said Ty Chin, a Chinaman, guilty." The verdict was then read to the jury, who pronounced it to be their verdict, and thereupon it was duly recorded. In due time the defendant moved the Court to set it aside, and to order him discharged from custody on the ground that the verdict amounted to an acquittal. The motion was denied, and the defendant

excepted.   He then moved the Court to arrest the judgment, on the grounds : First—That the offense alleged to have been committed is not sufficiently described in the indictment; and second—That the facts stated in the. indictment do not constitute a public offense.   The motion was overruled, and the defendant excepted.   The Court then sentenced the defendant, Ah Ye, to .be imprisoned in the State Prison for one year. From this judgment is this appeal.

I. If the verdict amounted to an acquittal of the defendant, it was a matter of material interest to him that it should stand, and the refusal to set it aside on his motion did him no harm.   His motion should have been for a judgment of acquittal upon the verdict found by the jury, and for that only.

II. The indictment charged the defendant, by a fictitious name, of a particular offense, and set forth in general terms the particular circumstances of the offense charged.   The entering of the outhouse, with the intent to steal the property of Wilcox, constituted the offense.   What the property was worth was not a question of material importance.   It will be presumed to have been of some value, and whether of much or little was of no moment.   Therefore we are of the opinion that the indictment was not open to the objections made to it on the motion in arrest of judgment.

III. The verdict of a jury in a criminal case may be either general or special.   A general verdict upon a plea of not guilty is either guilty or not guilty.   (Crim. Pr. Act, Sec. 418.)   A special verdict is that by which the jury find the facts only, leaving the judgment to the Court.   (Sec. 419.) The same Act further provides that the Court shall give judgment upon the special verdict as follows : If the plea be not guilty, and the facts prove the defendant guilty of the offense charged in the indictment, or of any other offense, the commission of which is necessarily included in that with which he is charged in the indictment, or of an attempt to commit the offense charged, judgment shall be given against him.   But if the facts found do not prove the defendant guilty of the

offense charged, or of which he could be so convicted under the indictment, judgment of acquittal shall be given. (Secs. 422, 424.) If the jury do not in a special verdict pronounce affirmatively or negatively on the facts necessary to enable the Court to give judgment, or if they find the evidence of facts merely, and not the conclusions of facts from the evidence, as established to their satisfaction, the Court shall order a new trial. (Sec. 423.)

Negatively the verdict as found and recorded was that the defendant was not guilty of the offense charged. No suggestion is made either on behalf of the people or of Ah Ye that the verdict rendered was not upon the trial of the issue joined between the people and the defendant Ah Ye; but, on the contrary, it is conceded throughout that it was. The Criminal Practice Act provides that "if the jury render a verdict which is neither a general nor a special verdict, as defined in sections four hundred and eighteen and four hundred and nineteén, the Court may direct them to reconsider it, and it shall not be recorded until it be rendered in some form from which it can be clearly understood what is the intent of the jury, whether to render a general verdict, or to find the facts specially, and to leave the judgment to the Court." (Laws 1851, p. 258, Sec. 427.) The next section of the same Act provides that "if the jury persist in finding an informal verdict, from which, however, it can be clearly understood that their intention is to find in favor of the defendant upon the issue, it shall be entered in the terms in which it is found, and the Court shall give judgment of acquittal. But no judgment of conviction can be given, unless the jury find expressly against the defendant upon the issue, or judgment be given against him upon a special verdict."

The Court and District Attorney respectively appear to have been satisfied with the verdict, as no direction was given to the jury to reconsider it; and we are at a loss to conjecture upon what ground the Court could pronounce judgment against the defendant upon the verdict rendered. Though the verdict does not well answer either the definition of a general

verdict or of a special verdict when applied to the case tried, we see no other solution of the matter except to hold it to be a finding of the jury that Ah Ye was not guilty of the crime for which he was indicted and tried, and that upon the verdict judgment should have been rendered in his favor.

It is therefore ordered and adjudged that the judgment against Ah Ye be reversed and that he be discharged from imprisonment.

Mr. Justice SHAFTER expressed no opinion.