THE STATE v. HUGHES, *Appellant.*

| 76  | 323 |
| 157 | 362 |

**Pleading, Criminal:** LARCENY.  The description of the property need not be as particular in an indictment for an attempt to commit a 'arceny as in one for an accomplished larceny.

*Appeal from Lafayette Criminal Court.*—HON. J. E. RYLAND, Judge.

AFFIRMED.

*Wm. Young* and *Wm. B. Wilson* for appellant.

*D. H. McIntyre,* Attorney General, for the State.

HENRY, J.—The defendant was indicted in the criminal court of Lafayette county for an attempt to commit a larceny, which was alleged in the indictment as follows: " That Oliver Hughes on the 25th day of June, 1882, at, etc., did unlawfully and feloniously attempt to steal, take and carry away in and from the dwelling house of one James McLean there situate, $5 in money, of the value of $5, and divers other goods, chattels and valuable things of the value of $100," etc.  A motion to quash the indictment was overruled, and on a trial defendant was found guilty as charged, and sentenced to imprisonment in the penitentiary for a term of three years, and from the judgment he has prosecuted this appeal.

The only question before us relates to the sufficiency of the indictment, counsel for defendant contending that

there is not a sufficiently specific description of the goods which, it is alleged, defendant attempted to steal, and that the description should be as particular in an indictment for an attempt to steal, as in one for an accomplished larceny. The authorities are the other way, and the position of defendant's counsel is tersely answered by Pollock, C. B., in *Reg. v. Johnson*, Leigh & C. 489, in which he says: "Where there is only an attempt, it is not always possible to say what property the would-be thief meant to steal." Bishop on Crim. Proc., § 87; *Comm. v. McDonald*, 5 Cush. 365; *People v. Ah Ye*, 31 Cal. 451. All concurring, the judgment is affirmed.