## JULIA M. GREGORY v. FRANK KENYON.

### [FILED MAY 18, 1892.]

1. **Deeds:** A CERTIFICATE OF ACKNOWLEDGMENT to a deed which states that "personally came Catherine Tozier, to me known to be the identical person whose name is affixed to the above instrument as grantor, and acknowledged the same to be her voluntary act and deed," which certificate is signed by an officer authorized to take acknowledgments, and attested with his official seal, *held*, valid.

2. **Government Homestead:** CONVEYANCES. Where a person who has taken lands under the United States homestead law commutes his entry, pays the government for the land, and receives the usual final receiver's receipt, he has the right to sell and convey the land, although the patent has not been issued, and the title which he afterwards acquires by the patent inures to the benefit of his grantee.

3. **Ejectment:** RECOVERY. In an action of ejectment the plaintiff must recover on the strength of his own title or right to the property, and cannot rely on the invalidity of the defendant's title.

4. ————: RES ADJUDICATA. In a suit brought in the United States circuit court against G. K. and others to foreclose a real estate mortgage given by G., a cross-bill was filed by K., setting up title in himself to the land, with prayer that his title be quieted. G. appeared and answered the cross-bill, setting up his claim of title and pleaded in bar a former judgment. Upon the trial of said cause the issues were found in favor of K. and a decree was entered quieting and confirming his title to the land. No supersedeas bond was filed and no appeal was taken. The decree of the federal court, which was still in force, was pleaded by K. as a defense to an action of ejectment brought against him by G. to recover the same real estate. *Held,* That G. was concluded by said decree, and that the same was a bar to the action of ejectment.

5. **Jurisdiction:** ACTION PENDING: WAIVER. While the rule founded upon comity which subsists between judicial tribunals is that the court which first acquires jurisdiction of the persons and subject-matter of the action will retain the cause until it is finally determined, yet, where the parties, while such suit is pending and undetermined, submit the controversy therein involved, without objection, to another tribunal having jurisdiction of the subject-matter, the judgment pronounced in the latter court is binding upon the parties. The objection that another suit is pending must be raised by proper pleadings, or it will be waived.

6. **Former Judgment.** Where a former judgment is relied on as an estoppel in another action, it must be pleaded.

ERROR to the district court for Lancaster county. Tried below before FIELD, J.

*John S. Gregory,* for plaintiff in error, cited: *Phillips v. Dawley,* 1 Neb., 321; *State Bank v. Green,* 10 Id., 134; *McKnight v. Taylor,* 1 Mo., 282; *San Francisco v. Water Wks.,* 39 Cal., 473; *Elcheborne v. Bacon,* 45 Id., 121; *Ex parte Bushnell,* 8 O. St., 601; *Mullen v. Torrance,* 9 Wheat. [U. S.], 537; Wells, Jur., 149, 150, and cases; *Barkdull v. Herwig,* 30 La. An., 618; *Ober v. Gallagher,*

44

93 U. S., 199; *Oplika v. Daniels*, 59 Ala. 211; *Chapin v. James*, 11 R. I., 87; *Henry v. Tupper*, 27 Vt., 518; *Hickman v. Painter*, 11 W. Va., 386; *Bank v. R. Co.*, 28 Vt., 477; *Averill v. Steamboat*, 2 Cal., 309; *Mordecai v. Stewart*, 37 Ga., 364; *Spitznagle v. Vanhessch*, 13 Neb., 338; *Green v. Gross*, 12 Id., 123; Wade, Notice, p. 95, sec. 214; 2 Pt. 1, White & Tudor, p. 210; 4 Kent's Com., 174; Rawle, Cov., 428.

*Lamb, Ricketts & Wilson, contra,* cited: *Kitchen v. Randolph*, 93 U. S., 86; 1 Herman, Estop., secs. 48, 57, 121, 122, 123, 125, 126, 132; 2 Id., sec. 926; *Gregory v. Bank*, 16 Neb., 411; *Boorman v. Sunnuchs*, 42 Wis., 235; *Holland v. Challen*, 110 U. S., 15; 2 Pomeroy, Eq. Jur., sec. 649; Sedgwick & Waite, Trial to Title, secs. 57, 477; *Hunt v. Loucks*, 38 Cal., 372; *Van Campen v. Snyder*, 3 How. [Miss.], 67, 68; *Cox v. Nelson*, 1 Mon. [Ky.], 94; *Shultz v. Sanders*, 38 N. J. Eq., 156; *State Bank v. Marsh*, 5 Eng. [Ark.], 129; *McKinney v. Williams*, 7 Tex., 598.

NORVAL, J.

This is an action in ejectment brought by the plaintiff in error to recover the north ninety acres of the northwest quarter of section 18, in township 10 north, of range 7, in Lancaster county.

The petition contains the usual averments. The answer admits that the defendant is in possession of the land; denies that plaintiff has any estate therein, and sets up title in defendant. The defendant also filed a supplemental answer, pleading in bar a judgment recovered in his favor, in an action between the parties to this suit, tried and determined in the circuit court of the United States for the district of Nebraska, and upon the same subject-matter involved in this action.

For reply the plaintiff denies each allegation contained in the answer, and alleges that the action referred to in the

supplemental answer as having been determined by the federal court was commenced and carried on therein after this suit was brought, and that she is preparing to appeal said cause to the supreme court of the United States.

There was a trial to the court, with findings and judgment for the defendant. The plaintiff having claimed a second trial under the provisions of the statute, the judgment was set aside. The second trial resulted the same as the first.

On the 16th day of May, 1864, Catherine M. Tozier homesteaded, under the laws of the United States, the northwest quarter of section 18, in township 10 north, of range 7 east, and on the 14th day of April, 1869, commuted her said entry and received the usual final receiver's receipt. On the 8th day of May, 1869, Catherine M. Tozier conveyed the quarter section by warranty deed to John B. Phinney and James F. Phinney, which deed was recorded June 19, 1869. On the said 8th day of May the Phinneys executed a mortgage to Catherine M. Tozier on the north ninety acres of said northwest quarter, to secure the payment of their two promissory notes of even date therewith, one for $1,000 due in one year, and the other for $950 due in two years, which mortgage deed was recorded on the day of its date. Subsequently an action was brought against the Phinneys to foreclose said mortgage in the district court of Lancaster county by one Charles F. Bridge, the assignee of the notes and mortgage; a decree of foreclosure was entered, which also appointed Samuel McClay special master, to sell the real estate described in said mortgage, being the property in controversy herein. In pursuance of said decree said real estate was sold to Frank Kenyon for $900, which sum was paid to the special master, and the sale was reported to and confirmed by the court. Afterwards, on November 22, 1872, Samuel McClay, as such special master, executed and delivered to Frank Kenyon a deed conveying to him said premises, which deed was recorded June 30, 1873.

The plaintiff's chain of title is as follows: Warranty deed from Catherine Tozier to Charles F. Bridge for the northwest quarter of section 18, in township 10, range 7 east, dated February 17, 1879, and recorded February 13, 1880. Power of attorney from Charles F. Bridge to J. E. Philpott, dated September 16, 1879, and recorded September 19, 1879. Warranty deed from Charles F. Bridge by J. E. Philpott, his attorney in fact, to J. Addison Marshall, dated September 19, 1879. J. Addison Marshall and wife to Julia M. Gregory, warranty deed, dated February 24, 1881, which was recorded March 1, 1881.

It will be observed that both parties claim title through Catherine M. Tozier, who obtained title from the government to the quarter section, of which the ninety acres in dispute is a part. The deed from Catherine M. Tozier to the Phinneys, through which the defendant claims title, was executed and recorded nearly ten years prior to the making and recording of the deed in plaintiff's chain of title of Catherine M. Tozier to Charles F. Bridge.

It is urged by plaintiff that the deed from Tozier to the Phinneys is invalid for two reasons: First, the certificate of acknowledgment is defective; second, the deed was made prior to the issuing of the government patent.

The acknowledgment of the deed was taken by Henry S. Jennings, a notary public of Lancaster county, who certifies under his official seal that " personally came Catherine Tozier, to me known to be the identical person whose name is affixed to the above instrument as grantor, and acknowledged the same to be her voluntary act and deed." The certificate complies substantially with the requirements of the statute relating to the acknowledgment of conveyance of real estate. It shows that the grantor acknowledged the instrument which she had signed to be her voluntary act, and that the acknowledgment was taken before an officer authorized by the statute to take the same. That was sufficient. The cases of *Green v. Gross*, 12 Neb., 117, and

*Spitznagle v. Vanhessch*, 13 Id., 338, relied on by the plaintiff, do not conflict with our view.

The fact that the deed from Catherine M. Tozier to the Phinneys was executed before the date of the patent does not invalidate the conveyance. She took the land under the United States homestead laws. Under the provisions of the act of congress she commuted her entry and paid the government for the land. She received the usual final receiver's receipt on April 14, 1869. After she complied with the act of congress, and received this receipt, she had the right to sell and convey the land, and the title which she subsequently acquired by the patent inured to the benefit of her grantees. This proposition is no longer an open one, but has been set at rest by the decisions of this and other state courts, and the adjudications of the supreme court of the United States. (*Irvine v. Irvine*, 9 Wall. [U. S.], 617; *Myers v. Croft*, 13 Id., 291; *Franklin v. Kelley*, 2 Neb., 79; *Cheney v. White*, 5 Id., 261; *Jones v. Yoakam*, Id., 265; *Rube v. Sullivan*, 23 Id., 779; *Kirkaldie v. Larrabee*, 31 Cal., 451; *Christie v. Dana*, 34 Id., 554; *Dillingham v. Fisher*, 5 Wis., 475; *Camp v. Smith*, 2 Minn., 131.)

The cases cited in plaintiff's brief are not in point. They affirm the doctrine that a deed or mortgage given by a pre-emptor or homesteader upon lands pre-empted or homesteaded prior to the entry is void. The policy of congress in passing the homestead and pre-emption laws was to permit government lands to be acquired thereunder only by actual settlers. Under the provisions of these laws a person cannot take public lands in trust for another, and, of course, a deed or mortgage given upon the land prior to the homestead or pre-emption entry is void. But neither of these laws prohibit a person who has complied with their provisions, so as to entitle him to a patent, from selling the land after he has received the duplicate receipt, and prior to the issuing of the patent.

It follows from what we have said that Catherine M.

Tozier had no title to the land in litigation at the time she executed the deed to Charles F. Bridge, and the plaintiff acquired no title by the conveyances under which he claims. The record of the deed to Phinneys was notice to Bridge, when he received his deed, that his grantor had parted with his title to the land, therefore he was not an innocent purchaser.

It is contended by plaintiff that the special master's deed to Kenyon was executed without any confirmation of sale having been made under the decree of foreclosure in the case of *Bridge v. Phinney*, but that the sale under said decree was set aside by the court, and no further action was taken thereon, therefore the master's deed conveyed no title whatever to Kenyon. It appears that Charles F. Bridge brought, at different times, two separate actions against J. F. and J. B. Phinney in the district court for Lancaster county. One, No. 184, was to foreclose the mortgage given to Catherine Tozier to secure the payment of the unpaid purchase money, and the other, No. 395, was an action at law upon one of the notes secured by said mortgage. Both suits went to judgment, and an order of sale was issued in the foreclosed case, and the mortgaged premises sold to Kenyon. Execution was issued in the other case to York county, and lands therein were sold. One of the sales was confirmed, and the other was vacated and set aside. The order setting aside the sale was made on May 3, 1873, and entered in the journal in the foreclosure case, while the order confirming the sale, in point of time first made, was spread upon the journal in the suit in which the money judgment was rendered. Counsel for defendant insist that each of these orders was entered on the journal by the clerk of the district court, by mistake, in the wrong case. There is some evidence in the record from which such inference could be drawn, and this not only from the appearance docket and original files in the cases, but from the language used in the entry of the order

in the foreclosure suit, which states: "Sale set aside and ordered by the court that a new execution issue in the action." Whether this entry properly belongs in the foreclosure case or not is quite immaterial so far as the determination of this cause is concerned, for it is a rule of law applicable to actions in ejectment that the plaintiff can recover only on the superiority of his own title or right to the property, and cannot rely on the invalidity or weakness of the defendant's title.

We will now consider the defense of former adjudication. It appears from the supplemental answer, and the proofs taken on the trial, that the Dundee Mortgage Company commenced an action in the circuit court of the United States for the district of Nebraska, against the said Julia M. Gregory, Frank Kenyon, and others, to foreclose a mortgage given on the premises by said Gregory. Frank Kenyon filed a cross-bill in said cause setting up title in himself to the land involved in this litigation, and asked that his title be quieted, and for general relief. Julia M. Gregory appeared and answered the cross-bill, setting up her chain of title and pleaded in bar a former adjudication between the same parties. Upon the issues joined therein, a trial was had with findings against Julia M. Gregory and in favor of Frank Kenyon, upon which a decree was entered quieting the title to the land herein in dispute in Kenyon, and setting aside the plaintiff's deeds and canceling the record of the same. No supersedeas bond was filed in that cause, nor does the record disclose that an appeal was ever taken therefrom. True, there is in the bill of exceptions a certificate from the clerk of the United States court to the effect that Gregory was allowed an appeal, and that a transcript of the cause had just been completed. Conceding that this certificate is competent evidence to prove the matters therein stated, which we do not admit, it falls far short of showing that the decree of the federal court is not in full force. It nowhere appears that

an appeal was ever perfected or taken in said cause to the
supreme court of the United States. Julia M. Gregory's
title and claim to the land being directly involved in the
case of *Dundee Mortgage Co. v. Gregory et al.*, and adju-
dicated adversely to her, such a decree is a complete bar to
this action.

Plaintiff insists that the decree in the Dundee case is not
a bar, for the reason that that cause was not commenced
until after the bringing of this suit. While it is true the
rule founded upon the comity which subsists between ju-
dicial tribunals of the same jurisdiction is that the court
which first acquires jurisdiction of the persons and subject-
matter of an action will retain it until the final determi-
nation thereof, it does not follow that when the parties to
such suit submit the controversy without objection to
another tribunal having jurisdiction of the subject-matter,
that the judgment pronounced therein by the latter court·
is not binding upon the parties. The objection that an-
other suit is pending must be raised by proper pleading
or it will be waived. Both parties to this suit submitted
their title to the land to the United States court for adju-
dication, and no question was raised in that court that this
action was pending in the state court. It is now too late
to raise the objection.

The plaintiff relies upon a decree rendered in the circuit
court of the United States in an action wherein J. W.
Hartley was plaintiff and Julia M. Gregory, J. Addison
Marshall, Frank Kenyon, and others were defendants.
The action was brought to subject the land in dispute to
the payment of certain liens claimed by Hartley. Julia
M. Gregory filed a cross-bill against Kenyon for the pur-
pose of having the title to the property declared in her. A
decree was entered confirming the title in Gregory, which
was subsequently vacated and set aside, on the ground that
it was prematurely entered. At the January, 1882, term
of said court a similar decree was again entered by the

court in said cause.    This decree cannot avail the plaintiff herein for two reasons: First, no such issue is raised by. the pleadings in this cause.    Where a former judgment is relied on as an estoppel in another action between the same parties, it must be pleaded.    Second, the decree in the Hartley case was pleaded by Julia M. Gregory in her answer to the cross-bill of Kenyon against Gregory in the case of the Dundee Mortgage Company, and it was held not to constitute a bar to that action.    It is suggested that the attorney for Gregory in the Dundee case, on the trial thereof, owing to his not being familiar with the facts pertaining to the adjudication in the Hartley case, failed to introduce the second decree rendered therein.    Whether this is true or not, the record before us does not state; but such fact, if it is a fact, is wholly immaterial.    The question of former judgment was put in issue by the pleadings in the Dundee case, and the adjudication thereon is binding and conclusive and cannot be questioned collaterally.    The judgment of the district court is

AFFIRMED.

THE other judges concur.