Earsel Larry JOHNSON, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 57487.

Supreme Court of Missouri,
Division No. 1.

Oct. 9, 1972.

Thomas J. Downey, Jefferson City, for appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

HOLMAN, Presiding Judge.

This is an appeal from the order and judgment overruling movant's motion filed under S.Ct. Rule 27.26, V.A.M.R., to set aside his conviction for felonious assault, with malice aforethought, under § 559.180.[1] (Movant is hereinafter referred to as defendant.) The appeal having been taken to this court prior to January 1, 1972, the effective date of new Article V of the Constitution, we have jurisdiction pursuant to then Art. V, § 3 of the Missouri Constitution, V.A.M.S.

There was evidence in the original trial indicating that defendant, without provocation, inflicted upon one Nickell two knife wounds in the chest, one on his head, and that he also stabbed him in the back. Upon trial the jury assessed defendant's punishment at five years' imprisonment. Upon appeal this court affirmed. State v. Johnson, Mo.Sup., 461 S.W.2d 724.

The principal contention on this appeal is that the court erred in overruling the motion to vacate because the State filed an amended information which charged a different offense than that alleged in the original information.

The statute in question, § 559.180, provides, in part, as follows:

"Every person who shall, on purpose and of malice aforethought, shoot at or stab another, or assault or beat another with a deadly weapon, or by any other means or force likely to produce death or great bodily harm, with intent to kill, maim * * * shall be punished by imprisonment in the penitentiary not less than two years."

The original information charged that defendant "did then and there wilfully, intentionally, premeditatedly, feloniously and with malice aforethought commit an assault on the body and person of one Clifford Nickell by then and there striking and stabbing him with a knife and in such manner as to do great bodily harm * * *." Thereafter, an amended information was filed which alleged that defendant, "on purpose and of his malice aforethought, did make an assault upon Clifford Nickell with a certain weapon, to wit: a knife, a means likely to produce great bodily harm, and did then and there strike, stab and wound the said Clifford Nickell with the intent then and there to do great bodily harm to Clifford Nickell * * *." We note that no objection was made to the filing of the amended information, and that it was not attacked in any way in the trial court or on appeal.

At the conclusion of the hearing in the trial court the court made the following findings: "No evidence was offered and no fact issue was submitted to the trial court in this proceeding * * *. The only point made by defendant-movant at the hearing on the motion and in briefs submitted thereafter went to the sufficiency of the Information and that the Amended Information on which defendant was tried charged a different offense than the one with which he was originally charged. The court finds that the Amended Information was sufficient and that it did not charge an offense different from that charged or attempted to be charged in the original information."

Defendant here concedes that the amended information sufficiently charged the offense of assault with malice under § 559.-

1. Statutory references are to RSMo 1969, V.A.M.S.

180, of which he was convicted. He states, however, that his conviction should be set aside because the original information failed to charge an offense under that section and hence the amended information charged a different offense in violation of S.Ct. Rule 24.02. His reason for contending that the original information failed to charge the offense in question was that it did not include the words "with intent" immediately preceding the words "to do great bodily harm." Because of that omission he says the offense charged was common assault, or some other crime of assault below that proscribed in § 559.180.

◼ We have concluded that defendant's contention is without merit. While we think the words "wilfully" and "intentionally" in the original information might well be considered as applying to the entire allegation heretofore quoted, we do not base our decision on that ground. It is our view that since the information alleged that the assault was made "feloniously and with malice aforethought" it unquestionably must be concluded that the prosecuting attorney was attempting to charge an offense under § 559.180. This is so because the element of "malice aforethought" is the distinguishing feature between a charge of assault under § 559.180 and one under § 559.190. Therefore, even if we assume that an essential element was omitted in the original information, it can be supplied by amendment because, in so doing, a different offense is not charged. The amendment merely correctly and sufficiently charges the offense attempted to be charged in the original information. See S.Ct. Rule 24.02; §§ 545.290 and 545.300; State v. Lane, Mo.Sup., 371 S.W.2d 261[4]; and State v. Morris, Mo.Sup., 470 S.W.2d 467 (and cases cited therein). We also think that it is apparent that the amended information did not prejudice the substantial rights of the defendant.

The cases primarily relied upon by defendant are distinguishable and hence not applicable to the issue before us. They are State v. Thompson, Mo.Sup., 392 S.W.2d 617, and State v. Gladies, Mo.Sup., 456 S.W.2d 23. In Thompson the amended information clearly charged a different and more serious offense. In Gladies the amended information not only sought to charge a different offense, but resulted in it being fatally defective in attempting to charge the offense to which defendant pleaded guilty.

◼ The remaining point is that the court should have set aside the conviction because defendant was not accorded a preliminary examination. When the charge was filed in the magistrate court defendant appeared, with his attorney, and waived a preliminary hearing. Later he filed a motion to remand the proceedings to the magistrate court for a preliminary hearing. His grounds alleged were that at the time of waiver he "did not know or understand the nature, extent and seriousness of the charge laid against him, and did not at such time and place knowingly, willingly, and with knowledge of the legal consequences and effect waive such preliminary hearing." The motion was overruled. It is our view that defendant is not in a position to seek relief in this proceeding because of the overruling of that motion. If the court erred in its ruling, defendant should have assigned such error in his motion for new trial and sought review thereof on appeal. Not having done so he cannot assert the point in his 27.26 motion. Moreover, defendant did not present any evidence to support this contention at the hearing of his motion.

◼ There is also no merit in the contention that defendant was entitled to a preliminary hearing because of the filing of the amended information. As stated in State v. Lane, supra, "[t]here being no change in the offense charged, appellant's objection that he was entitled to another preliminary hearing before the filing of the amended information is without merit." 371 S.W.2d l.c. 264.

The judgment is affirmed.

All concur.