**STATE of Missouri, Plaintiff-Respondent,**

**v.**

**Benny WILLETT, Defendant-Appellant.**

**No. 11354.**

Missouri Court of Appeals, Southern District, Division One.

March 21, 1980.

John D. Ashcroft, Atty. Gen., Lisa M. Camel, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Charles E. Brown, II, Gainesville, for defendant-appellant.

PREWITT, Judge.

Defendant was convicted of burglary in the second degree and stealing. § 560.070 and § 560.110, RSMo 1969. He was sentenced to two years imprisonment on each offense, with the sentences to run concurrently. Defendant was charged with breaking into a store at Dora, Missouri, and taking from the store coins belonging to another. The evidence indicated that this was done in conjunction with another person. Defendant's brief has one "Point Relied On", which states:

"The Trial Court erred in overruling Defense motion for a new trial because the Trial Court gave Instruction No. 7 (Tr 92) over objection of the Defendant, in that giving Instruction No. 7 alone and without MAI–CR 2.12, operated to the substantial prejudice of the Defendant as Instruction No. 7, standing alone and without further instruction by the Court, failed to advise the jury as to the limitations of their deliberations as to the issue submitted."

We have read the transcript and it is sufficient to support the jury's finding that defendant was guilty beyond a reasonable doubt. As there is no point raised relating

to evidence or its insufficiency, we do not lengthen this opinion by setting it forth.

Defendant's sole authority for his contention is MAI–CR 2.10, Note 5.[1] That note says:

"5. MAI–CR 2.10 together with either MAI–CR 2.12 or 2.14 should be used where it is not clear from the evidence whether defendant acted alone or with another or others. The unnecessary use of these instructions will not be deemed prejudicial error in absence of a showing of prejudice under the particular circumstances of the case."

Instruction No. 7 was taken from MAI–CR 2.10. If MAI–CR 2.12 was given, then defendant's point must be denied. Instruction No. 4 informed the jury as follows:

### "INSTRUCTION NO. 4

If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about December 1, 1977 in the County of Ozark, State of Missouri, the defendant and another broke into a building located at the junction of Missouri State Highway H and Missouri State Highway 181 and owned by Gerald Hambelton, and entered therein, and

Second, that he did so with intent to steal property therein,

Third, that at that time merchandise was kept therein,

Fourth, that the defendant acted either alone or knowingly and with common purpose together with another in the conduct referred to in the above paragraphs, then you will find the defendant guilty of burglary in the second degree.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of the foregoing, you must find the defendant not guilty of that offense.

If you do find the defendant guilty of burglary in the second degree, you will fix his punishment at imprisonment by the Department of Corrections for a term fixed by you, but not less than two years nor more than ten years."

Instruction No. 4 appears to us to be based upon MAI–CR 2.12. We do not perceive, and defendant does not purport to show us, why this instruction is not MAI–CR 2.12 and why its submission did not comply with MAI–CR 2.10, Note 5. Defendant's point is denied.

The judgment is affirmed.

All concur.

---

1. All references to instructions are to those in MAI–CR (1974).